IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| JAMES E. HOUCK, | * | |
|---|---|---|
| Plaintiff | * | |
| v | * | Civil Action No. GJH-19-1317 |
| FOOD SERVICES at WCI, *et al.*, | * | |
| Defendants | * | |

**********

| JAMES E. HOUCK,[1] | * | |
|---|---|---|
| Plaintiff | * | |
| v | * | Civil Action No. GJH-19-1357 |
| WEXFORD HEALTH SOURCES, INC., *et al.,* | * | |
| | * | |
| Defendants | * | |

**********

## MEMORANDUM OPINION

James Houck filed the above civil actions under 42 U.S.C. §1983 with Motions for Leave to Proceed in Forma Pauperis. Houck's frequent and repetitive filings in this Court have earned him "three strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Houck v. Western Correctional Institution*, GJH-17-2801 and GJH-17-3182, 2017 WL 1002416 (February 28, 2019) (assigning Houck's second and third strikes); *Houck v. Janssen Pharmaceuticals*, Inc., Civil Action No. GJH-17-1136 (D. Md. 2017) (assigning the first strike). As the Court has explained to Houck on other occasions, he is barred from filing cases in forma pauperis unless he

---

[1] The Clerk shall correct docket to show Plaintiff's last name is spelled Houck.

can establish that he is under an imminent danger of serious physical injury or pays the full filing fee.

The "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The bar for establishing imminent danger although high, is not insurmountable.

> If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" . . . . Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

*Lewis*, 270 F.3d at 531.

"Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 Fed. Appx. 270, 272 (4th Cir. 2006) quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003). In the context of alleged lack of medical care, there must be some demonstration that the actions taken or treatment denied constitutes a danger of future physical harm. *See Richardson v. Hite*, 53 Fed.Appx. 291 (4th Cir. Dec. 23, 2002) (finding no "imminent danger" in allegation that inmate was being denied medication for his elevated cholesterol levels where inmate did not demonstrate that his cholesterol levels were necessarily dangerous or that medication was a medical necessity); *Richardson v. Joseph*, 2006 WL 1075160

(W.D. Va. April 21, 2006) (finding no "imminent danger" in allegation that doctor changed inmate's blood pressure medication without conducting a physical examination where inmate did not specify any adverse side effects he had experienced or allege facts indicating that the new medication was harmful).

For reasons set forth below, the Court finds Houck does not demonstrate that he is in imminent danger of serious physical injury. Accordingly, his Motions for Leave to Proceed in Forma Pauperis will be denied pursuant to 28 U.S.C. §1915(g) and he will be granted 21 days to pay the $400.00 filing fee in each case for a total of $800. If Houck fails to pay the filing fees, the cases will be dismissed without prejudice or further notice.

### *Houck v. Food Services, et al*, Civil Action No. GJH-19-1317

Houck claims in his Complaint that he did not receive his prescribed medical diet for from January 27, 2019 through February 13, 2019, and seeks $50 million and a television. ECF 1 at 4. Houck does not allege that he suffered physical harm as a result of the alleged deprivation, Defendants acted with deliberate indifference to his serious medical needs, or the deprivation, having stopped on February 13, 2019, continues somehow to pose a serious risk of physical harm to him. Houck's vague allegations fail to establish that he is in imminent danger of serious physical injury to except him from the requirement imposed under 28 U.S.C. §1915(g). To the extent Houck asks for appointment of counsel in the Complaint (ECF No. 1 at 5), he provides no reasons to support his request and his numerous filings in this Court demonstrate that he has been able to pursue his claims on his own or secure meaningful assistance to do so.

*Houck v. Wexford Health Sources, Inc., et al.*, **Civil Action No. GJH-19-1357**

In this Complaint, Houck alleges that Stephen Schelinase, M.D., and Vincent Siracusano, M.D, prescribed Risperdal for him between 2015 and 2017, and as a result of the medication, he developed gynecomastia (enlargement of male breasts).[2] He asks for damages of " $100 million or $60 million" or to settle the case. ECF 1 at 5, 7. Houck alleges he was not informed that gynecomastia was a possible side effect of the medication. Of import, Houck does not claim that he is presently taking Risperdal, is forcibly administered this medication,[3] or he is in imminent danger of physical harm due to having taken the drug. He provides no grounds to excuse him from paying the filing fee under § 1915(g). He will be denied leave to proceed in forma pauperis and granted 21 days to pay the filing fee for this case.

Houck has filed at least five other cases claiming he developed enlarged breasts as a result of the medication, none of which has resulted in a decision in Houck's favor. *See e.g. Houck v. Schelinase*, GJH-18-2880, 2019 WL 1493312 (D. Md. April 4, 2019); *Houck v. Janssen Pharmaceuticals*, *Inc.,* GJH-17-1136 (D. Md. April 28, 2017); *Houck v. Siracusano,* GJH-16-1323, 2017 WL3500400 (D. Md. August 15, 2017); *Houck v. Wexford Health Sources Inc.*, GJH-15-3639, 2106 WL 6634858 (D. Md. November 7, 2016); *Houck v. Department of Public Safety and Correctional Services,* GJH-15-1883, 2015 WL 7721813, (D. Md. November 30, 2015) (consol with GJH-15-1912; GJH-15-2051). If this matter proceeds, Defendants may

---

[2] A court may take judicial notice of the facts from prior judicial proceedings, where as here, there is no challenge to the accuracy of the record of those proceedings. *Taylor v. Morgan State University,* Civil Action No. WMN-03-2978, 2004 WL 3217859 n. 1. (D. Md. May 25, 2004), citing *Briggs v. Newberry County School District*, 838 F. Supp. 232, 234 (D.S.C. 1992)). The Court takes notice of facts summarized in its August 15, 2017 Memorandum Opinion in *Houck v. Siracusano,* GJH-16-1323, ECF No. 79, indicating that Houck was prescribed Risperdal to treat his schizoaffective disorder.

[3] On January 16, 2017, Houck asked to be taken off Risperdal because it was causing gynecomastia. Two days later, Houck stopped receiving Risperdal. *Houck v. Schelinase,* GJH-18-2880, 2019 WL1493312 *2.

likely assert *res judicta* as an affirmative defense, as they did in *Houck v. Siracusano*, GJH-16-1323, 2017 WL3500400 *5. GJH-16-1323, 2017 WL3500400.

For these reasons, the Court will deny Houck's Motions for Leave to Proceed in Forma Pauperis in the above cases and grant him 21 days to pay the $400 filing fee in each case. If Houck fails to pay the filing fee within this time, the case will be dismissed without prejudice and without further notice from the Court.


May 28,2019                          /s/
Date                                    GEORGE J. HAZEL
                                          United States District Judge